CRISTÓBAL MORALES, demandante y apelante, *v.* P. GONZÁLEZ & Cía., S. EN C., y PEDRO GONZÁLEZ Y GONZÁLEZ, demandados y apelados.

No. 3890.—*Visto:* Junio 8, 1926.  *Resuelto:* Julio 16, 1926.

SOCIEDADES—DERECHOS Y RESPONSABILIDADES EN CUANTO A TERCERAS PERSONAS —ACCIONES POR O EN CONTRA DE LAS FIRMAS O SOCIOS—PARTES EN LAS ACCIONES—FIRMAS Y SOCIOS COMO DEMANDADOS—ACCIONES EN COBRO DE DINERO.—En acciones en cobro de dinero establecidas contra una compañía en comandita, el socio gestor de la misma puede ser incluído como demandado.

SENTENCIA de *Pablo Berga,* J. (San Juan), declarando sin lugar la demanda en cuanto al demandado Pedro González y González, con costas.  *Revocada* y devuelto el caso.

*F. Soto Gras,* abogado del apelante; *José Martínez Dávila,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Cristóbal Morales entabló demanda contra P. González y Cía., S. en C., y Pedro González, sobre cobro de pesos.   El

demandado Pedro González es socio gestor de su codeman-
dada P. González & Compañía, S. en C.

Los demandados opusieron a la demanda varias excep-
ciones previas entre ellas la de defecto de partes demanda-
das basada en que habiéndose llevado a efecto el contrato
que sirve de base a la reclamación entre el demandante y la
demandada P. González y Compañía, S. en C., no cabe de-
mandar al socio gestor Pedro González porque la responsa-
bilidad de éste sólo surgiría cuando la sociedad no pudiera
responder por sí misma.

La corte desestimó las otras excepciones y declaró con
lugar la de defecto de partes demandadas. Se registró sen-
tencia a petición del demandante que interpuso entonces el
presente recurso de apelación.

A nuestro juicio erró la corte sentenciadora. El deman-
dante interpretó perfectamente el alcance de la decisión de
esta Corte en el caso de *M. Lamadrid y Cía.* v. *Torrens Mar-
torell y Cía. et al.*, 28 D.P.R. 879, y comprendió en su de-
manda a la sociedad y al socio. En lo único que debió ser
más preciso fué en la súplica de su demanda, pero ello no
importa.

El resumen del caso citado, dice:

"El socio de una compañía regular colectiva queda colocado,
para todos los fines prácticos en el lugar de un fiador solidario de
la sociedad, por lo que puede ser incluído como demandado en una
acción establecida contra ésta para cobro de dinero; y para dejar
a salvo su derecho al beneficio de excusión que le reconoce el ar-
tículo 237 del Código de Comercio, bastará que la sentencia dis-
ponga que sólo sean embargados y ejecutados bienes particulares
del socio demandado para satisfacer la sentencia, en el caso de que
el márshal devuelva la orden manifestando que no ha encontrado
bienes de la sociedad o que los ejecutados no alcanzaron a cubrir el
importe de la sentencia."

Es cierto que los hechos en el caso de Lamadrid, *supra,*
eran algo distintos, pero la amplia discusión de los princi-
pios envueltos y el análisis de la ley y de las decisiones de

Filipinas que la opinión contiene fijan claramente el crite-
rio de la corte en el sentido de la procedencia de dirigir la
acción desde sus comienzos contra la sociedad y contra el
socio, en evitación de complicaciones, dificultades o dilaciones
futuras. Claro es que la sentencia no podrá ejecutarse en
bienes particulares de los socios colectivos sino después de
haberse hecho excusión del' haber social, pero dictada la
sentencia de tal modo, queda de una vez todo resuelto sin
perjuicio para nadie, sin violar derecho alguno, y el már-
shal puede seguir en la ejecución hasta el fin en caso nece-
sario, bajo la dirección, por supuesto, de la corte.

*Debe revocarse la sentencia apelada* y devolverse el caso
a la corte inferior para ulteriores procedimientos no incon-
sistentes con esta opinión.

El Juez Asociado Sr. Wolf disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Las razones por las cuales disiento fueron expuestas en
el caso de *Sucesores de M. Lamadrid & Co.* v. *Torrens, Mar-
torell & Co.,* 28 D.P.R. 881. La corte no dice por qué el
artículo 1600 del Código Civil no es de aplicación y me pa-
rece que dicho artículo hace aún más claro que no surge
una causa de acción contra un socio individualmente hasta
que no se ha procedido contra la sociedad.