Eladio Lebrón Ledee, demandante y apelante, *v.* Servicio Insular de Acueductos y Alcantarillados, mediante su *manager,* Sr. Sergio Cuevas Bustamante, demandado y apelado. Agustín Bermúdez Ocasio, demandante y apelante, *v.* El Mismo, demandado y apelado.

Núms. 9513 y 9514.   *Sometidos:* Diciembre 2, 1947.   *Resueltos:* Enero 13 1948.

*Frank Torres,* abogado de los apelantes; *Manuel A. Bustelo, Miguel Parga* y *James E. Curry,* abogados de los apelados.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En su contestación a cada una de las demandas radicadas por dos de sus empleados, reclamando remuneración por un número de horas de trabajo en exceso de las ocho horas regulares y por horas de trabajo durante un número de domingos, el Servicio de Acueductos y Alcantarillados de

1

Puerto Rico, al cual nos referiremos en lo sucesivo como "el Servicio", alegó como defensa especial, la siguiente:

"Que la Ley núm. 49 de 7 de agosto de 1935 estableciendo la jornada de trabajo en Puerto Rico al igual que la Ley núm. 80 de 5 de mayo de 1931, enmendada por la Ley núm. 24 de 15 de abril de 1935, y que estipula entre otras cosas el pago doble de salarios por horas extras de trabajo en exceso de las regulares, y la ley estableciendo el domingo como día de descanso, no son aplicables al Servicio de Acueductos y Alcantarillados de Puerto Rico por los siguientes fundamentos: (a) Porque el Servicio de Acueductos y Alcantarillados de Puerto Rico no ha sido ni es un establecimiento comercial, una industria o negocio lucrativo.

(b) Porque los empleados del Servicio se rigen por leyes especiales y reglamentos con fuerza de ley y no por las leyes antes mencionadas.".

Vistos ambos casos, ante la Corte de Distrito de Guayama, ésta dictó sentencia declarando con lugar la defensa especial desestimando las dos demandas y ordenando el archivo de ambos casos. Apelaron los demandantes para ante este Tribunal, quedando ambos recursos sometidos en diciembre 2 de 1947.

La cuestión que tenemos que considerar y resolver es si la corporación "Servicio de Acueductos y Alcantarillados de Puerto Rico" está exenta por la ley de su creación—Ley núm. 40 de 1 de mayo de 1945 (pág. 139)—o por ley otra alguna, de observar y cumplir con las disposiciones de las leyes que regulan las horas de trabajo, que han sido decretadas para la protección de la vida, salud y seguridad de los obreros y que tienden a proteger a éstos contra la explotación por parte de los patronos. La corte inferior basó su decisión en la conclusión de que, a su juicio, el Servicio "no es un establecimiento comercial, industrial o agrícola ni tampoco una empresa o negocio lucrativo", no estando por tanto obligado a cumplir lo preceptuado en dichas leyes.

La Ley Orgánica de Puerto Rico, aprobada por el Congreso en marzo 2 de 1917, dispone en el penúltimo párrafo de su artículo 2 lo siguiente:

"Ocho horas constituirán un día de trabajo en todos los casos en que se empleen en obras públicas trabajadores y mecánicos por el Gobierno de la Isla o en nombre del mismo, excepto en casos de emergencia."

El párrafo transcrito es una clara expresión de la intención del Congreso de prohibir al Gobierno de Puerto Rico el obligar a los obreros empleados en obras públicas a trabajar más de ocho horas en un día de trabajo.

En agosto 7 de 1935, la legislatura insular aprobó la Ley núm. 49, titulada "Ley para regular las horas de trabajo de las personas empleadas en los establecimientos comerciales, industriales y en otros negocios lucrativos, y para otros fines." (Compilación de 1941, pág. 356.) La sección 1 de dicha Ley, dispone:

"Sección 1.—A ninguna persona se le empleará o se le permitirá que trabaje en ningún *establecimiento comercial, industrial, agrícola o en cualquier otro negocio lucrativo,* más de ocho (8) horas durante cualquier día natural, excepto cuando ocurriere cualquier evento extraordinario, o cualquiera emergencia causada por fuego, hambre o inundación, por peligro a la vida, a la propiedad, a la seguridad o salud pública, o en cualquiera otra circunstancia especial, etc." (Bastardillas nuestras.)

La sección 4 de la misma ley, en lo que es pertinente, dispone lo siguiente:

"4. En esta Ley, a menos que del contexto de ella se deduzca otra cosa, se aceptarán las siguientes definiciones de palabras y frases de la misma:

'Ocupación lucrativa' incluye toda obra o todo trabajo en factorías, molinos, centrales, talleres de maquinaria o establecimiento o sitio de cualquier clase donde haya una fábrica o empresa mecánica, . . .; y en toda empresa de minería o pesquería o de cualquiera otra índole, industrial, comercial o agrícola."

La Ley núm. 289 de 9 de abril de 1946 dispone:

"*Sección 1.*—Todo empleado de cualquier *establecimiento comercial o industrial, empresa o negocio lucrativo* que no estuviere sujeto a las disposiciones sobre cierre al público del Artículo 553 del Código

Penal de Puerto Rico, según ha sido subsiguientemente enmendado, tendrá derecho a un día de descanso por cada seis (6) días de trabajo.'' (Bastardillas nuestras.)

Dicha Ley dispone, además, que si al empleado se le permite trabajar durante el día de descanso, el patrono deberá pagarle doble salario por las horas que trabaje durante ese día; y que a los efectos de la Ley ''se entenderá por *empleado* a cualquier empleado, obrero, dependiente, trabajador, jornalero o persona que preste servicio para un patrono mediante salario, sueldo o cualquier otra forma de compensación.''

La corte inferior hizo constar, en su opinión, que ''después de hacer un mero examen de las secciones pertinentes de la Ley número 40 de 1 de mayo de 1945'', creadora del Servicio, llegó a la conclusión de que ''la entidad demandada no es un establecimiento comercial, industrial o agrícola ni tampoco un negocio lucrativo.'' Examinemos más detenidamente las disposiciones de dicha Ley.

Por la sección 2 de la ''Ley de Alcantarillados y Acueductos de Puerto Rico'' se crea un cuerpo corporativo y político con el Gobernador, el Tesorero, el Comisionado de Sanidad, el Comisionado del Interior y el Comisionado del Trabajo de Puerto Rico,'' que constituirá una corporación pública e instrumentalidad gubernamental de El Pueblo de Puerto Rico.''

El servicio fué creado con el propósito de proveer a los habitantes de Puerto Rico, ''en la forma más económica posible'', de sistemas de alcantarillados y de un abastecimiento de agua pura para usos domésticos, industriales y comerciales. (Sección 4.)

La misma sección 4 confiere a la corporación las facultades necesarias para demandar y ser demandada, ''excepto que no podrá ser demandada por daños y perjuicios causados por impurezas reales o alegadas, irregularidad o insuficiencia de agua servida por ella''; para celebrar contratos; y para nombrar agentes y empleados.

La sección 5(*b*), en lo que es pertinente, dice así:

"(*b*) *Los tipos de salarios y otros términos y condiciones de empleo* en el Servicio no serán *de menor remuneración, ni en general menos favorables a los intereses de los empleados que los salarios, términos y condiciones prevalecientes en empleos análogos* en la comunidad en que se desempeñan tales empleos."

En atención a que los fines para los cuales se crea el Servicio son la conservación de la salud pública, el mejoramiento del bienestar general y el fomento del comercio y la prosperidad, dispone la sección 16 que "el Servicio no será requerido para pagar ningunas contribuciones o impuestos insulares o municipales sobre ninguna de las propiedades adquiridas por ellas,... o sobre sus actividades en la explotación y conservación de cualquiera empresa; o sobre los ingresos derivados de cualquiera de sus empresas y actividades . . . "

No creemos necesario entrar a considerar y resolver si la corporación demandada es o no es una empresa o negocio lucrativo, pues entendemos que en uno y en otro caso las leyes reguladoras de los salarios y condiciones de trabajo son aplicables al Servicio de Acueductos y Alcantarillados de Puerto Rico.

El cuidadoso examen que hemos hecho de la ley creadora de la corporación demandada no nos ha revelado ni el más ligero indicio de que la Legislatura, al disponer que los servicios de agua y alcantarillado deben ser suministrados "en la forma más económica posible", tuviera la intención de autorizar al "Servicio" para realizar economías a costa de la explotación de sus trabajadores, obligando a éstos a trabajar, sin remuneración adicional, mayor número de horas que las fijadas por las leyes vigentes y sin concederles el descanso dominical. Por el contrario, las disposiciones claras y terminantes de la sección 5(*b*) de la Ley núm. 40 de 1945, supra, son a nuestro juicio un mandato expreso del legislador al "Servicio", al efecto de que deberá pagar a sus empleados salarios que no sean menores que los

que se pagan en la comunidad a empleados de igual clase; y que los otros términos y condiciones de empleo—número de horas de trabajo, remuneración por horas adicionales y días de descanso—no serán menos favorables a los intereses de los empleados, que los términos y condiciones prevalecientes en la comunidad en que se desempeñan tales empleos. Los únicos tipos de salarios y términos y condiciones de empleo que pueden prevalecer en cualquiera comunidad insular son aquéllos que se ajusten a los requisitos de las leyes vigentes.

No hemos podido encontrar en la ley creadora del Servicio de Acueductos y Alcantarillados de Puerto Rico disposición alguna que revele el propósito legislativo de establecer o autorizar un discrimen en contra de los empleados—obreros, dependientes, trabajadores o jornaleros—que prestan servicios a la corporación demandada mediante salario, sueldo o cualquiera otra forma de compensación.

*Las sentencias recurridas son erróneas, por ser contrarias a las leyes vigentes. Deben ser, por tanto, revocadas y los dos casos devueltos a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*