JULIO DE ARTEAGA TORRUELLA, demandante y apelado, *v.* CLUB DEPORTIVO DE PONCE, INC., demandado y apelante.

Núm. 10577.—*Sometido:* Enero 15, 1952.   *Resuelto:* Abril 30, 1952.

Leopoldo Tormes García, abogado de la apelante; *Enrique Cornier Martínez* y *Martín Avilés Bracero,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente es un pleito en reclamación de salarios instado por Julio de Arteaga contra el Club Deportivo de Ponce, Inc. El demandante reclama la suma de $4,908.10, más una cantidad igual como penalidad adicional, por trabajo realizado para la demandada desde el 20 de diciembre de 1945 al 19 de junio de 1946. Luego de un juicio en los méritos, el tribunal de distrito dictó sentencia a favor del demandante ascendente a $961.03, más una cantidad similar como penalidad, y $500 para honorarios de abogado. El caso se encuentra ante nos en apelación contra dicha sentencia.

El primer señalamiento es que el tribunal inferior cometió error al resolver que el Decreto Mandatorio núm. 6 para los Hoteles, Restaurantes, Cantinas y Fuentes de Soda era aplicable a la demandada. Ésta alega que es una asociación sin fines de lucro y que opera un centro social recreativo y deportivo en Ponce en calidad de club privado, y que por consiguiente no está comprendida en las definiciones contenidas en el Decreto núm. 6.

El apartado A-1 del Decreto dispone que "patrono" y "empleado" tendrán el mismo significado prescrito en la Ley núm. 8, Leyes de Puerto Rico, 1941. En la sección 30 de la Ley núm. 8, según fué enmendada por la Ley núm. 217, Leyes de Puerto Rico, 1945, el término "patrono" aparece definido para incluir "toda persona natural o jurídica de cualquier índole

que, *con ánimo de lucro o sin él*, emplee o permita trabajar cualquier número de obreros . . . mediante cualquier clase de compensación . . . ." (Bastardillas nuestras.)

El apartado J-4 del Decreto núm. 6 define los negocios a que dicho Decreto será aplicable como sigue:

"Los negocios a que se contraerá el Decreto de la Junta son los abiertos al público, o a miembros o invitados de éstos, que en su totalidad o en parte consisten en explotar o en mantener, con fines de lucro o a base de recibir dinero o cualquier prestación de valor en pago o a cambio de sus suministros o servicios aunque no haya propósito de ganancia, cualquier o cualesquiera de las empresas o actividades indicadas a continuación, excepto cuando sean incidentales o se usen para fines de instrucción, religión, asistencia médica o desempeño de funciones o labores gubernamentales . . . ."

El Decreto núm. 6 fué aprobado el 5 de abril de 1944 y enmendado el 12 de febrero de 1945. La demandada arguye que el Decreto núm. 6 adoptó en el apartado A-1 la definición de "patrono" que aparecía en la sección 30 de la Ley núm. 8 de 1941; que la sección 30 fué enmendada el 11 de mayo de 1945 por la Ley núm. 217 para incluir a aquellas personas que emplearen obreros "con ánimo de lucro o sin él"; que el apartado A-1 no fué enmendado después de la aprobación de la Ley núm. 217 para proveer que la definición enmendada de "patrono" será aplicable al Decreto núm. 6; y que la definición de "patrono" que se halla en la sección 30 de la Ley núm. 8 según fué originalmente aprobada predomina por consiguiente aquí. Disentimos. El Decreto núm. 6 claramente contemplaba que la definición de "patrono" de la sección 30 de la Ley núm. 8 sería aplicable al mismo. Por tanto, cuando se enmendó la sección 30 la definición enmendada gobernaba el caso, siempre y cuando que se aplicase prospectivamente. Y eso no constituye problema aquí ya que la Ley núm. 217 fué aprobada el 11 de mayo de 1945 y el período de empleo de que se trata en el presente caso empezó el 20 de diciembre de 1945.

La demandada no cuestiona el hecho de que operaba facilidades de cantina y restaurante, según éstas se definen en el

apartado J-4, por las que los socios pagaban al club el precio fijado. Tampoco cuestiona el hecho de que el demandante, quien era administrador del club durante el período de referencia, dedicaba una parte sustancial de su tiempo a dichas actividades. La demandada arguye que no operaba estas facilidades con fines de lucro, que se les ofrecían exclusivamente a los socios y a sus invitados, y que dichas facilidades eran sólo parte de sus funciones, las cuales incluían otras actividades sociales, atléticas, recreativas y culturales.

La dificultad estriba en que el apartado J-4 expresamente comprende esta situación. Dispone que se aplicará a servicios de restaurante y cantina abiertos a "miembros o invitados de éstos . . . que . . . consisten . . . en mantener . . . a base de recibir dinero . . . aunque no haya propósito de ganancia . . . ." Las únicas excepciones—fines de instrucción, religión, asistencia médica o desempeño de funciones o labores gubernamentales—no son aplicables a este caso. Toda vez que el Decreto expresamente se aplica a las actividades de la demandada de servir comidas y operar una cantina, el Decreto cubre el empleo del demandante quien dedicó una parte sustancial de su tiempo a estas actividades. *Cf. Hospital San José* v. *Junta Salario Mínimo*, 63 D.P.R. 747; *Lebrón* v. *Servicio de Acueductos*, 68 D.P.R. 1; *Tulier* v. *Autoridad de Tierras*, 70 D.P.R. 267.

■ El apartado J-4, después de definir en cuatro incisos lo que se entenderá por "hotel", "restaurante", "cantina" y "fuente de soda", define en el quinto inciso un "establecimiento mixto" como "toda casa, local o sitio que se usa para dos o más de las empresas o actividades referidas o, al mismo tiempo que para una o más de ellas para otro negocio cualquiera." Entonces provee que "Cuando se trate de un establecimiento mixto se entenderá que el trabajador o empleado corresponde a la empresa o actividad que atienda exclusiva o principalmente o a la que destine más de la mitad de su tiempo de trabajo."

La demandada arguye que el demandante dedicó parte de su tiempo a realizar un número de actividades que no estaban cubiertas por el Decreto tales como supervisar una tropa de Niños Escuchas formada por hijos de los socios y organizar varias actividades sociales, atléticas y recreativas del club. Pero al dictar sentencia a favor del demandante, el tribunal de distrito presumiblemente halló probado que él dedicó más de la mitad de su tiempo a las actividades de cantina y restaurante de la demandada. No encontramos base alguna para intervenir con tal conclusión.

■ Una vez más rechazamos la contención de que una definición en un estatuto como la Ley núm. 8, según fué enmendado por la núm. 217 de 1945, que define a un "patrono" como que incluye a un administrador, quiere decir que la Legislatura tuvo por miras excluir a éste de las disposiciones del estatuto en relación con su propio salario. Nuevamente indicamos que el propósito de tal disposición es que el patrono sea responsable de la conducta del administrador en relación con los subalternos de éste y no privar al administrador personalmente de los beneficios de dicho estatuto. Sólo si hubiera otra disposición que expresamente excluyera a los ejecutivos de las disposiciones de tal estatuto, tendría tal efecto. *Correa* v. *Mario Mercado e Hijos*, 72 D.P.R. 80; *Tulier* v. *Autoridad de Tierras*, supra; *Chabrán* v. *Bull Insular Line*, 69 D.P.R. 269; *Vicenty* v. *Corona Brewery Corp.*, 73 D.P.R. 135.

■ Aun cuando, según alega la demandada, el tribunal inferior hubiera cometido error al resolver que el demandante no era un ejecutivo, eso no afectaba el resultado en este caso. Algunos decretos y estatutos de salario mínimo excluyen a los ejecutivos de los beneficios de sus disposiciones. *Correa* v. *Mario Mercado e Hijos*, supra. Eso no es cierto aquí. Esta reclamación está predicada exclusivamente en el Decreto núm. 6. Y éste dispone en forma abarcadora que "será aplicable a los trabajadores o empleados que se destinen a realizar cualquier acto, proceso, operación o servicio necesario, incidental o relacionado con la explotación o mantenimiento de cual-

quiera de las empresas o actividades referidas." En su consecuencia el Decreto le era aplicable al demandante ya fuere o no éste un ejecutivo. Por consiguiente, el tribunal inferior no cometió error al concederle paga al demandante por (1) horas extras, (2) trabajo en días de descanso y (3) paga por vacaciones a tenor con los apartados E y F de dicho Decreto.

■ El segundo señalamiento es que la corte inferior cometió error al conceder paga doble por horas extras trabajadas después de la novena hora, en vista del hecho de que el contrato del demandante disponía el pago a razón de $250 mensuales. En este punto la demandada descansa en *Cardona* v. *Corte*, 62 D.P.R. 61, y los casos que han seguido dicha decisión. Este punto tendría méritos si la Ley núm. 49, Leyes de Puerto Rico, Sesión Extraordinaria, 1935, fuere aplicable a este caso. Pero las disposiciones de la Ley núm. 49 en relación a la paga por trabajo realizado después de ocho horas fueron suplantadas por el Decreto núm. 6 para aquellos empleados a quienes le es aplicable el Decreto. Y el Decreto núm. 6 dispone en su apartado E que cualquier empleado que trabaje en exceso de 48 horas a la semana o de 8 horas al día tendrá derecho a compensación al doble del tipo sencillo por el trabajo extra realizado. El tribunal inferior por tanto no cometió error al conceder paga doble sobre esta base. Llegamos a la misma conclusión en relación con la cantidad similar concedida como penalidad en virtud de la sección 25 de la Ley núm. 8, según fué enmendada. *Tulier* v. *Autoridad de Tierras*, supra.

■ El tercer señalamiento es que el tribunal inferior cometió error al conceder $500 para honorarios de abogado. Este fué un caso muy peleado en el que hubo un número de incidentes preliminares y un juicio bastante largo. No creemos que bajo todas las circunstancias concurrentes el tribunal de distrito abusara de su discreción al fijar los honorarios.

El cuarto señalamiento es que la sentencia es contraria a los hechos. Al argumentar este error la demandada no cuestiona las conclusiones de hecho del tribunal inferior en cuanto al número de horas extras y días de descanso trabajados por

el demandante. Por el contrario, repite su contención de que el principio del caso de *Cardona* gobierna éste y que en consecuencia el demandante debe recobrar solamente por las novenas horas trabajadas o no debe recobrar nada, porque trabajó como un ejecutivo en un negocio que no era operado con fines de lucro. Por los motivos ya expuestos no podemos convenir con este argumento.

*La sentencia del tribunal de distrito será confirmada.*