FRANK ZORRILLA, ETC., en beneficio del obrero JULIA CARMEN CLAUDIO, demandante y recurrido, *v.* RAÚL IBARRA GARCÍA y AGNES CANINO VDA. DE IBARRA, demandados y recurrente el primero.

*Número:* R-62-208     *Resuelto:* 4 de junio de 1963

*Elí B. Arroyo,* abogado del recurrente; *Manuel Janer Mendía* y *Ramón R. Lugo Beauchamp,* abogados del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El pronunciamiento de la sentencia dictada por el Tribunal Superior, Sala de San Juan, condenando al recurrente Raúl Ibarra García a satisfacer a la querellante Julia del Carmen Claudio la suma de $2,248 "por concepto de horas extras trabajadas en los séptimos días," (¹) más una suma igual por

---

(¹) Un examen de la relación detallada de la reclamación a que se refiere el párrafo 3 de la querella demuestra que en la suma indicada se

concepto de penalidad, no puede prevalecer.(¹-ª) La querella
que dio margen a la referida sentencia se incoó por el Secre-
tario del Trabajo para beneficio de la empleada mencionada
figurando como demandados el recurrente Raúl Ibarra y doña
Agnes Canino viuda de Ibarra. Aunque se alegó que el período
de labor se extendió desde 1954 hasta el 17 de abril de 1959,
la relación detallada de la reclamación especificando las horas
trabajadas por día, las fechas en que se trabajaron, la com-
pensación percibida y la devengada, así como las diferencias
adeudadas por concepto de salarios que aparece contenida
en la forma 106 del Departamento del Trabajo, se refiere al
espacio de tiempo comprendido entre el 4 de enero de 1954 y
el 29 de diciembre de 1957.

De la prueba documental incontrovertida que fuera admi-
tida en la conferencia preliminar que se celebró antes del
juicio aparece que el establecimiento de farmacia donde la
empleada prestó sus servicios fue adquirido por don Armando
Ibarra, extinto esposo de la codemandada doña Agnes Canino,
mediante escritura número 121 de 19 de junio de 1954 (²) ante
el Notario don Adolfo García Veve y que en 17 de septiembre
del mismo año(³) por la escritura número 192 ante el mismo
notario, se constituyó una sociedad regular colectiva denomi-
nada Ibarra Hermanos a la cual don Armando aportó cuatro
mil dólares "en productos medicinales y químico-farmacéuti-
cos, equipo y mobiliario que tiene en su negocio de farmacia,"

incluía además diferencias entre el salario satisfecho y el tipo mínimo fijado
por los Decretos Núms. 8 y 42 de la Junta de Salario Mínimo para el
Comercio al por menor, 29 R.&R.P.R. secs. 245n–131 a 245n–141 y 245n–641
a 245n–645.

(¹-ª) La sentencia contra la señora Canino se convirtió en firme al no
solicitarse su revisión.

(²) Claramente la sentencia dictada no podría sostenerse en cuanto
a las 26 semanas entre el 4 de enero y el 19 de junio de 1954, y procedería
eliminar la suma de $182.00.

(³) Aun admitiendo la corrección de la sentencia tampoco podría
responsabilizarse al recurrente por la reclamación que comprende desde el
4 de julio hasta el 17 de septiembre de 1954, fecha de la constitución de la
sociedad. Procedería eliminar la suma de $259.00.

y su hermano don Raúl aportó cuatro mil dólares en dinero efectivo. En el pacto social se dispuso que ambos socios actuarían como gestores, con amplios poderes para la administración de los negocios sociales, y se convino que en caso de muerte de cualquiera de ellos, la entidad subsistiría por todo el término de su constitución de cinco años.

■ Como se observará, el establecimiento de farmacia perteneció desde el 19 de junio de 1954 a don Armando Ibarra, y desde el 17 de septiembre a la razón social Ibarra Hermanos. ¿Procedía dentro del presente pleito imponer responsabilidad individual al socio colectivo y gestor Raúl Ibarra por los salarios dejados de satisfacer? Aunque en *Vázquez v. Sánchez S. en C.*, 85 D.P.R. 565 (1962), se trataba de la responsabilidad de un socio por deudas no contractuales, en la opinión emitida se discutió ampliamente el principio aplicable a la luz de los Arts. 104 y 156 del Código de Comercio, 10 L.P.R.A. secs. 1363 y 1469. Después de indicar que la característica distintiva de la sociedad colectiva es la responsabilidad solidaria e ilimitada de sus miembros, dijimos que los bienes particulares del socio quedan obligados al pago de las deudas en que se incurra por la sociedad, sean éstas de naturaleza contractual o extracontractual, *"previa excusión del haber social."* (Bastardillas nuestras.) Y claramente se señaló que la responsabilidad del socio "es una subsidiaria o secundaria a la de la sociedad, y no una responsabilidad en primer lugar." Contrario a lo que ocurrió en el caso de *Vázquez*, aquí no se demandó a la sociedad, sino a los socios individualmente. Es significativo que se incluyera a ambos, a pesar de que, según discutiremos a continuación, la parte querellante partiera del presupuesto de que el recurrente fue quien empleó a la empleada para tratar de imponerle bajo la definición de "patrono" la responsabilidad de pagar los salarios adeudados. Tampoco es de aplicación lo resuelto en *M. Lamadrid & Co. v. Torrens Martorell & Co.*, 28 D.P.R. 879 (1920), al efecto de que como el socio de una compañía regular colectiva queda

colocado para todos los fines prácticos en el lugar de un fiador solidario de la sociedad, por lo que puede ser incluido como demandado en una acción establecida contra ésta en cobro de dinero, para dejar a salvo el beneficio de excusión (⁴) que le reconoce el Art. 156 del Código de Comercio, basta con que la sentencia disponga que sean embargados y ejecutados bienes particulares del socio demandado para satisfacer la sentencia solamente en el caso de que el alguacil devuelva el mandamiento de ejecución expresando que no ha encontrado bienes de la sociedad o que los ejecutados no fueron suficientes para cubrir el importe total de la sentencia. Fácil es advertir que es necesario que se haya incluido a la sociedad como parte demandada o probablemente que se hubiera alegado y probado que la sociedad se había liquidado y no existían bienes sobre los cuales hacer efectiva la sentencia que pudiera obtenerse. Véase además, *Morales* v. *P. González & Cía.*, 35 D.P.R. 777 (1926); cf. *Cruz* v. *Ramírez*, 75 D.P.R. 947 (1954), en el que se trataba de una reclamación de salarios dirigida contra los únicos accionistas, directores y liquidadores de una corporación disuelta para imponerles responsabilidad individualmente por deudas previas de la corporación.

■ Se arguye, sin embargo, que como el tribunal de instancia determinó que el recurrente Ibarra fue quien contrató

---

(⁴) En relación con el beneficio de excusión, también denominado en su aspecto procesal la *exceptio excussionis*, véanse, Uría, *Derecho Mercantil*, 2a. ed., 1960, pág. 129; Garrigues, *Tratado de Derecho Mercantil*, Ed. Revista de Derecho Mercantil, 1949, tomo I, vol. 3.º, pág. 1238; Gay de Montellá, *Código de Comercio Español*, Ed. Bosch, 2a. ed. 1948, tomo II, pág. 527 y ss.; Gay de Montellá, *Tratado Práctico de Sociedades Mercantiles*, Ed. Bosch, 1948, tomo I, pág. 221; Ascarelli, *Sociedades y Asociaciones Comerciales*, Ed. Ediar, 1947, pág. 359; González de Echavarri, *Comentarios al Código de Comercio y Jurisprudencia Española*, 1945, tomo 3.º, pág. 341; y especialmente, Vivante, *Tratado de Derecho Mercantil*, Ed. Reus, 1932, pág. 132 y ss. Cf. Mossa, *Responsabilidad del socio colectivo y del socio comanditario en la sociedad en comandita*. Revista de Derecho Privado, tomo XXXIV, pág. 869 (1950) y Vallet de Goytisolo, *La responsabilidad personal de los socios en las compañías de responsabilidad limitada, frente a la sociedad y frente a terceros*, Revista de Derecho Privado, tomo XXXIII, pág. 589 (1949).

a la querellante (⁵) y le asignó sus deberes, responde personalmente bajo la definición de patrono de la Sec. 36 de la Ley de Salario Mínimo de 1956, 29 L.P.R.A. (Supl. 1962) sec. 246h, que lee así:

" 'Patrono' incluye toda persona natural o jurídica de cualquier índole que, con ánimo de lucro o sin él, emplee o permita trabajar cualquier número de obreros, trabajadores o empleados mediante cualquier clase de compensación; e incluye al jefe, director, funcionario, gerente, oficial, gestor, administrador, superintendente, supervisor, capataz, mayordomo, agente o representante de dicha persona natural o jurídica."

Al interpretar el alcance de una definición prácticamente idéntica contenida en la Sec. 30 de la Ley de Salario Mínimo de 1941, 29 L.P.R.A. sec. 241, hemos señalado que el propósito de la definición al incluir a los jefes, funcionarios, gerentes, oficiales, administradores y otros es hacer al patrono responsable de la conducta de éstos en relación con los subalternos o empleados del patrono, *De Arteaga* v. *Club Deportivo*, 73 D.P.R. 444 (1952); *Vicenty* v. *Corona Brewing Corporation*, 73 D.P.R. 135 (1952); o sea, que las consecuencias de sus actos *pueden ser atribuidos a su patrono y "en ese sentido nada más* es que dicho trabajador ocupa el status de patrono." *Correa* v. *Mario Mercado e Hijos*, 72 D.P.R. 80, 85 (1951); *Tulier* v. *Autoridad de Tierras*, 70 D.P.R. 267, 272 (1949). Véase además, *Junta Rel. Trabajo* v. *Acevedo*, 78 D.P.R. 540 (1955). Es por eso que las actuaciones que se le atribuyen al recurrente como gestor del negocio social no lo convierten en un patrono; (⁶) es la sociedad la que debe responder por las mismas.

*En virtud de lo expuesto se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 15 de junio de*

---

(⁵) Esta determinación es curiosa pues la querellante comenzó a trabajar el día 4 de julio de 1954 y no fue hasta setenta y siete días después que el recurrente entró a formar parte de la empresa al constituirse la sociedad.

(⁶) Si así fuera no se comprendería fácilmente por qué se condenó solidariamente a la codemandada doña Agnes Canino viuda de Ibarra.

*1962, en cuanto al pronunciamiento que condenó al recurrente Raúl Ibarra.*