GREGORIO RIVERA, demandante y apelado, *v.* JOSÉ RAMÓN QUIÑONES, demandado y apelante.

Núm. 9991.—*Sometido:* Julio 5, 1949. *Resuelto:* Julio 21, 1949.

*Carlos D. Vázquez* y *Arnaldo P. Cabrera*, abogados del apelante; *Ramón Cancio* y *Joaquín Gallart Mendía*, abogados del Departamento del Trabajo y a su vez del apelado.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

Éste es un caso sobre reclamación de salarios bajo el procedimiento establecido por la Ley núm. 10 de 14 de noviembre de 1917((2) pág. 217). Habiendo el demandado entablado apelación para ante este Tribunal, radicó una moción para que señalemos un día para la celebración de un juicio de *novo*. Invoca la sección 1 de la referida ley según quedó enmendada por la núm. 17 de 1945 (pág. 45), la cual, en lo pertinente, prescribe:

"*    *    *    *    *    *    *

"Contra las sentencias dictadas por la corte de distrito, en casos de jurisdicción original, podrá establecerse apelación para ante el Tribunal Supremo de Puerto Rico, siguiendo el mismo procedimiento que se fija en esta Ley para las apelaciones de las cortes municipales a las cortes de distrito. El Tribunal Supremo señalará, fuera del calendario general, fecha para la vista de estas apelaciones."

Es verdad que el párrafo transcrito prescribe que en la apelación para ante el Tribunal Supremo se seguirá "el mismo procedimiento que se fija en esta Ley para las apelaciones de las cortes municipales a las cortes de distrito". ¿Acaso debemos interpretar este precepto en el sentido de requerir en este Tribunal un juicio de *novo* que las partes han tenido ya en la corte de distrito? El motivo por el cual se concede el juicio de novo en la apelación ante las cortes de distrito es sencillamente porque las cortes municipales no son cortes de récord, y si no se celebrare el juicio de novo en la corte de distrito, no habría medios de revisar la sentencia de la corte municipal, a menos que la apelación se circunscribiere a las constancias de las alegaciones. Las

leyes deben interpretarse racionalmente, siempre teniendo en cuenta que no puede ser la intención legislativa exigir cosas o trámites inútiles. A lo que indudablemente se refiere el párrafo transcrito es a otras disposiciones de la Ley núm. 10 de 1917, reguladora del procedimiento de apelación para ante la corte de distrito en casos de reclamación de salarios. Entre estos trámites se hallan: (1) la radicación del escrito de apelación dentro del término de cinco días; y (2) la remisión de los autos originales a la Corte Suprema en el caso de haberse presentado el escrito de apelación en la corte de distrito, acelerando así la tramitación del recurso ante este Tribunal.

A ningún fin práctico conduciría celebrar aquí un juicio de novo cuando existe un récord del celebrado ante la corte de distrito que puede elevarse, como en los demás casos, a este Tribunal a los efectos del recurso de apelación. Además, la celebración de un juicio de novo ante este Tribunal, equivaldría a asumir jurisdicción original, y es sabido que cuando la Legislatura ha querido concedernos tal jurisdicción lo ha hecho de modo claro e inequívoco.

*Procede denegar la moción para la celebración del juicio de novo.*