FERNANDO SIERRA BERDECÍA, SECRETARIO DEL TRABAJO, en representación y para beneficio del empleado EDWIN V. GOSS, demandante y apelado, *v.* LONG CONSTRUCTION COMPANY, demandada y apelante.

Número 11088.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 29 de abril de 1954.

*Garrard Harris,* abogado de la apelante; *Joaquín Gallart Mendía* y *Domingo Candelario,* abogados del Departamento del Trabajo y a su vez del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Allá para el 29 de diciembre de 1951 el Comisionado del Trabajo de Puerto Rico, en representación y para beneficio de Edwin V. Goss, instó ante el antiguo Tribunal de Distrito de Puerto Rico, Sección de San Juan, una querella en reclamación de salarios contra la Long Construction Company. La esencia de esa querella fué que la querellada contrató y utilizó los servicios de Goss como mecánico y supervisor auxiliar en un taller que tenía ésta en Río Piedras en conexión con un negocio y empresa de construcción de edificios, desde el 25 de noviembre de 1947 hasta el 17 de octubre de 1949; que en dicha época y mientras Goss devengaba un salario semanal de $100, éste trabajó a requerimiento de aquélla un total de 585 horas extras, y mientras devengó un salario semanal de $125 un total de 773¾ horas extras, ascendiendo el importe total de las horas extras trabajadas a $7,150.80; que la querellada se ha negado y se niega a pagar a Goss

recho a una exención de $5,000 por cada fideicomiso, *mientras que si las donaciones son hechas en forma que no sea en fideicomiso no habría derecho en ningún caso a más de una sola exención de $5,000."* (Bastardillas nuestras.) (Véase, sin embargo, *Helvering* v. *Hutchings,* 312 U. S. 393, 397, resuelto en 1941, después de haberse enmendado la sección 504(b).)

Las palabras subrayadas nos reafirman en el criterio enunciado en esta opinión.

dicho importe, a pesar de los requerimientos que se le han hecho; y se reclama otra suma igual por concepto de penalidad adicional.

Notificada la querellada de la anterior querella y en armonía con lo acordado en una conferencia con antelación al juicio, las partes radicaron una extensa estipulación, en la que luego de convenir ciertos hechos en torno del contrato de trabajo, de la labor realizada por Goss, de los períodos en que ésta fué efectuada, de los salarios devengados, etc., ellas hicieron constar expresamente que "ésta es una estipulación de hechos sometida a este honorable tribunal para que éste decida si el querellante era un 'ejecutivo' de acuerdo con la ley y si el tribunal decidiere en la afirmativa entonces determinará el tribunal si de acuerdo con la ley el querellante, como ejecutivo, tiene o no derecho a reclamar paga por horas extras durante el período cubierto por la demanda. De determinar este honorable tribunal bien que el querellante Goss no era un 'ejecutivo', o bien que a pesar de ser un 'ejecutivo', tiene derecho a reclamar paga por horas extras trabajadas, entonces el honorable tribunal señalará este caso para vista para oír prueba pertinente sobre la controversia de hechos relacionados con las horas extras reclamadas y las defensas de la parte querellada, con la excepción de la defensa de que dicho querellante era un 'ejecutivo' sin derecho a reclamar dichas horas extras."

Sometida la anterior cuestión al tribunal a quo, éste dictó una resolución razonada en la que, después de hacer constar que era necesario concluir que las disposiciones de la Ley 217 de 11 de mayo de 1945 (pág. 681), así como las de cualquier decreto mandatorio aprobado en virtud de la misma, como lo fué el Decreto Mandatorio núm. 11, eran aplicables al aquí reclamante como empleado de la querellada, independientemente de si él era un ejecutivo o no, concluyó que no era menester que el tribunal hiciera en aquellos momentos pronunciamiento alguno en cuanto a si por las funciones que

desempeñó el reclamante éste era un ejecutivo o no, y que la reclamación debía seguir tramitándose hasta ulteriores procedimientos. Visto el caso más tarde y sometida prueba testifical y documental por una y otra parte, el tribunal dictó sentencia, apoyada en una opinión que contiene conclusiones de hechos y de derecho, declarando con lugar la demanda y condenando a la querellada a pagar a Edwin V. Goss la suma de $9,952.44, sin costas, por ser de oficio, ni honorarios de abogado.

La querellada apeló y ahora sostiene que el tribunal a quo erró "(1) al concluir que la definición de la palabra 'empleado' tal cual la misma figura en la Ley de Salario Mínimo (núm. 8 de 1941), según fué enmendada por la Ley 217 de 1945, no excluye a los administradores, ejecutivos y profesionales de las disposiciones sobre salarios mínimos y horas máximas de la ley; (2) al concluir que los servicios rendidos por Goss mientras estuvo empleado por la apelante le situaban en la categoría de empleados sujetos a las disposiciones del Decreto Mandatorio núm. 11 de la Junta de Salario Mínimo; (3) al dejar de resolver la cuestión previa de derecho de si Goss era un empleado ejecutivo dentro del significado de la Ley 379 de 1948; y (4) en su conclusión de hechos al efecto de que los servicios prestados por Goss fueron utilizados por la apelante como mecánico."(1)

La contención de la querellada es que jamás fué la intención de los redactores de este decreto mandatorio incluir, dentro de su alcance y protección, precisamente al grupo de ejecutivos, administradores y profesionales que ostensiblemente habían creado las deplorables condiciones pobres de trabajo tendentes a perpetuar para el trabajador una vida inferior a la normal; y que si bien la Ley 379, supra, específicamente deja en vigor la Ley de Salario Mínimo y los Decretos Mandatorios promulgados de conformidad con la

---

(1) El alegato en este caso está redactado en el idioma inglés y la traducción del señalamiento de errores que antecede es nuestra.

misma, no fué la intención de la Asamblea Legislativa eximir de las disposiciones de la Ley de Salario Mínimo a aquellos empleados ejecutivos, administrativos y profesionales dedicados a actividades no cubiertas por decretos mandatorios, y no conceder al mismo tiempo tal exención a industrias cubiertas por decretos de dicha junta.

Entramos ahora en la discusión de las cuestiones planteadas: La Ley núm. 8 de 5 de abril de 1941 "Creando una Junta de Salario Mínimo", etc., según fué enmendada por la núm. 217 de 11 de mayo de 1945 (pág. 681) dispone en su sección 30 que la palabra " 'Patrono' incluye toda persona natural o jurídica de cualquier índole que, con ánimo de lucro o sin él, emplee o permita trabajar cualquier número de obreros, trabajadores o empleados mediante cualquier clase de compensación; e incluye al jefe, funcionario, gerente, oficial, gestor, administrador, superintendente, capataz, mayordomo, agente o representante de dicha persona natural o jurídica," y que " 'Obrero', 'empleado' o 'trabajador' incluye toda persona natural que ejerza, desempeñe o realice cualquier arte, oficio, empleo o labor bajo las órdenes o para beneficio de otro, o a base de contrato de arrendamiento de servicios, o mediante remuneración de alguna clase o promesa expresa o tácita de recibirla, en cualquier industria, negocio u ocupación." (²)

Aunque la definición de la palabra "patrono" dada por la sección 30, supra, da la impresión de que la misma cubre al querellante, por existir en autos prueba de que éste compraba piezas para las mezcladoras mecánicas y tractores y para el

---

(²) Por la Ley núm. 439 de 15 de mayo de 1951 (pág. 1269) se enmendó la sección 30 de la Ley 8 de 1941. Esa sección según quedó enmendada define las palabras patrono, obrero, empleado o trabajador en la misma forma que lo hizo la Ley de 1945, pero agrega que " 'obrero', 'empleado' o 'trabajador' no incluirá, sin embargo, profesionales, ejecutivos y administradores." No obstante, como la reclamación aquí envuelta comprende servicios prestados desde el 25 de noviembre de 1947 hasta el 17 de octubre de 1949, o sea con anterioridad a la vigencia de la citada enmienda de 1951, ésta no desempeña en el presente caso papel de clase alguna.

otro equipo pesado, así como de que daba instrucciones en español a los empleados, despedía a éstos y escogía a los mecánicos, todo ello por delegación de su superior inmediato, quien no conocía nuestro idioma vernáculo, sin embargo, la definición de esa palabra no tiene el alcance de excluir de las disposiciones sobre salario mínimo y horas máximas de la ley a una persona que realiza labor como la realizada por Goss. A ese efecto dijimos en *De Arteaga* v. *Club Deportivo*, 73 D.P.R. 444, 449 que:

"Una vez más rechazamos la contención de que una definición en un estatuto como la Ley núm. 8, según fué enmendada por la núm. 217 de 1945, que define a un 'patrono' como que incluye a un administrador, quiere decir que la Legislatura tuvo por miras excluir a éste de las disposiciones del estatuto en relación con su propio salario. Nuevamente indicamos que el propósito de tal disposición es que el patrono sea responsable de la conducta del administrador en relación con los subalternos de éste y no privar al administrador personalmente de los beneficios de dicho estatuto. *Sólo si hubiera otra disposición que expresamente excluyera a los ejecutivos de las disposiciones de tal estatuto, tendría tal efecto.* . . ." (Bastardillas nuestras.)

El Decreto Mandatorio núm. 11 de la Junta de Salario Mínimo, "fijando salario mínimo, períodos máximos de labor y condiciones de trabajo para los empleados de la industria de la construcción," vigente desde el primero de julio de 1946, dispone en su artículo 1 (*b*) que las palabras " '*patrono*' y '*empleado*' o '*trabajador*' tienen el mismo significado que dispone la Ley de Salario Mínimo, aunque limitado a la industria de la construcción." Ya hemos visto cuál es el significado dado a esas palabras por la Ley de Salario Mínimo. Hemos visto también que no obstante la definición que se da de la palabra patrono, la Ley de Salario Mínimo vigente para la época en que los servicios aquí envueltos fueron prestados, no excluía expresamente a los ejecutivos de sus disposiciones. Se hace, por tanto, imperativo concluir que ya fuera el reclamante un "ejecutivo o no", si realizó trabajo durante horas en exceso

o durante períodos de descanso, él tiene derecho a compensación adicional. Decimos esto porque según el artículo 3 del Decreto Mandatorio núm. 11 "Ningún patrono hará o permitirá que el empleado trabaje más de ocho horas durante cualquier día, ni más de cuarenta y cuatro durante cualquier semana, a menos que le compense su labor en exceso del máximo diario o del máximo semanal a razón de no menos del doble del tipo del salario que estuviere percibiendo;" y porque a virtud del artículo 4 del mismo decreto no menos del tipo doble de salario también se pagará cuando un empleado realice labor durante cualquier período de descanso a que tenga derecho.

Si bien la Ley 379 de 15 de mayo de 1948 (pág. 1255) "para establecer la jornada de trabajo en Puerto Rico, proveer el pago de un tipo doble de salario por las horas trabajadas en exceso de la jornada legal, fijar períodos de descanso," etc. dispone en su artículo 19 que "la palabra 'empleado' no incluirá ejecutivos, administradores ni profesionales," y aunque esa Ley empezó a regir en 15 de mayo de 1948, es decir durante el tiempo en que fueron prestados parte de los servicios envueltos en este caso, ella no afecta la conclusión a que llegó el tribunal a quo en el sentido de que a los fines del caso era innecesario determinar si Goss era un ejecutivo o no. Esto es así porque a virtud del propio artículo 22 de la Ley 379 de 1948 quedaron subsistentes en todos sus términos la Ley núm. 8 de 1941 según ha sido enmendada y los decretos mandatorios promulgados por la Junta de Salario Mínimo creada por dicha Ley. *Caguas Bus Line* v. *Sierra, Comisionado,* 73 D.P.R. 743, 750. Así pues, como para la fecha en que se aprobó la Ley 379, supra, ya el Decreto Mandatorio núm. 11 estaba en toda su fuerza y vigor, ese Decreto quedó subsistente en todos sus términos por disposición expresa del artículo 22 de la Ley 379 de 1948. El Decreto Mandatorio núm. 11, según hemos visto, dispuso que las palabras patrono y empleado o trabajador tendrían el mismo sig-

nificado dispuesto por la Ley de Salario Mínimo, aunque limitado a la industria de la construcción. En su consecuencia, como la Ley de Salario Mínimo, vigente durante el período en que se rindieron los servicios por el querellante, no excluía de sus disposiciones de manera expresa a los ejecutivos, resulta claro por demás que, independientemente de que Goss fuera un ejecutivo o un mero empleado de la querellada, siempre tendría derecho a doble compensación, de haber prestado servicios durante horas extras o durante períodos de descanso. [3] Sobre este último extremo—prestación de servicios durante horas extras—el tribunal sentenciador concluyó que Goss trabajó para la querellada 433 horas extras en el período en que su salario semanal fué de $100 y 530 horas extras en el período en que percibió un salario de $125 semanales, así como que la querellada no le ha satisfecho el importe de esas horas extras. Esas conclusiones de hechos del tribunal a quo debemos aceptarlas como correctas no sólo porque en los autos hay prueba para sostenerlas, si que también porque no han sido impugnadas. Véase *Correa* v. *Mario Mercado e Hijos*, 72 D.P.R. 80.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Belaval no intervino.