HULL DOBBS COMPANY OF PUERTO RICO, peticionaria, *v.* TRI-
BUNAL SUPERIOR DE PUERTO RICO, recurrido; LUIS G. MA-
RÍN y PEDRO GONZÁLEZ, interventores.

Número 21.
*Reasignado:* 6 de febrero de 1961.  *Resuelto:* 14 de febrero de 1961.

*B. Sánchez Castaño* y *R. Rivera Cervera,* abogados de la peticionaria; *Domingo Candelario* y *Roberto Rivera Escalera,* abogados de los interventores y a su vez del Departamento del Trabajo.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

Acogiéndose al procedimiento especial provisto por la Ley núm. 10 de 14 de noviembre de 1917 (Leyes, pág. 217, 32 L.P.R.A. secs. 3101 a 3113) Luis G. Marín y Pedro González presentaron una querella ante el Tribunal de Distrito, Sala de San Juan, contra Hull Dobbs Company of Puerto Rico en reclamación del pago de compensación por despido injustificado. Dicho tribunal, después de celebrado el juicio correspondiente, declaró con lugar la querella. No conforme con esta sentencia, la parte querellada entabló recurso de apelación para ante el Tribunal Superior, Sala de San Juan. A los fines de perfeccionar este recurso de apelación se preparó y aprobó la relación del caso y se elevaron los autos originales al tribunal de apelación.[1] La querellada-apelante presentó oportunamente su alegato[2] y solicitó se señalara fecha para la celebración de un juicio *de novo* invocando para ello las disposiciones de la sección 11 de la Ley 10 de 1917, supra.[3] En 9 de junio de 1959 el Tribunal Superior confirmó la sentencia apelada, y copia de la notificación de la misma se archivó en autos el día 16 siguiente. La querellada solicitó la reconsideración en 17 de junio e

[1] Regla 5 de las Reglas de Apelación del Tribunal de Distrito al Tribunal Superior, 4 L.P.R.A. Ap. III, R. 5.

[2] Regla 7 de las citadas en el escolio anterior.

[3] En su parte pertinente dicha sección lee como sigue: "En la vista de la apelación, se celebrará el juicio de nuevo . . ."

insistió en su solicitud para que se celebrara un juicio *de novo*. En 22 de junio el Tribunal Superior rechazó de plano la reconsideración, y copia de esta resolución se archivó en autos el día 26 del mismo mes. En 28 de julio la Hull Dobbs recurrió ante nos mediante petición de certiorari para que se revisara la sentencia dictada por el Tribunal Superior. Expedimos el auto.

## I

▆▆▆ Antes de entrar a discutir la cuestión fundamental envuelta en el recurso sobre la procedencia de un juicio *de novo* en los recursos de apelación de sentencias dictadas por el Tribunal de Distrito en casos tramitados ante el Tribunal Superior según la ley especial sobre reclamaciones por servicios prestados, debemos disponer de dos cuestiones previas planteadas por el Secretario del Trabajo en representación de los obreros querellantes.

1. El recurso procedente para traer ante la consideración de este Tribunal las sentencias finales dictadas por el Tribunal Superior en pleitos sobre reclamación de salarios originados en el Tribunal de Distrito es el certiorari a que se refiere la Regla 15.1(a) de nuestro Reglamento, y no el recurso de revisión como sostiene el Secretario. Al efecto dispone el artículo 2 de la Ley núm. 115 de 26 de junio de 1958 (Leyes, pág. 294, 4 L.P.R.A., sec. 37) que "Las sentencias que dicte el Tribunal Superior en apelaciones procedentes del Tribunal de Distrito . . . podrán ser revisadas por el Tribunal Supremo mediante certiorari a ser librado a su discreción, *y de ningún otro modo*". (Énfasis suplido.) El recurso de revisión procede únicamente en relación con sentencias finales dictadas por el Tribunal Superior en pleitos civiles originados en dicho tribunal.

2. La ley no fija un término específico para la radicación de este recurso de certiorari especial.([4]) En una situación similar, y en relación con el certiorari clásico, hemos resuelto

([4]) Véase el informe de 8 de octubre de 1960 del Comité de Procedimiento Civil a la Segunda Conferencia Judicial, págs. 17 y 49.

que resulta imposible aplicar por vía de analogía los términos que para la apelación o revisión de una sentencia civil fija la Regla 53 de las de Procedimiento Civil de 1958 (32 L.P.R.A., Ap. R. 53) y que ante la imposibilidad de fijar judicialmente un término específico, se hace necesario examinar los hechos de cada caso para determinar (a) si la dilación en la presentación del recurso es injustificada; (b) el perjuicio que ello pueda ocasionar a otras personas; y (c) el efecto que tendría la concesión o la negación del auto sobre los intereses privados y sociales envueltos. *Pueblo v. Tribunal Superior*, 81 D.P.R. 904, 912 (1960) y casos allí citados. Atendidas todas las circunstancias concurrentes—y especialmente, la importancia de la cuestión planteada y que a la fecha de la presentación de la petición de certiorari solamente habían transcurrido cuarenta días desde el archivo en autos de constancia de la notificación de la sentencia y treinta días hábiles de la notificación declarando sin lugar de plano la solicitud de reconsideración—fallamos que la peticionaria no ha incurrido en *laches* o incuria que motive la desestimación de la petición de certiorari.

## II

En relación con las sentencias dictadas por el Tribunal de Distrito en casos sobre reclamaciones por servicios prestados, la ley especial sobre la materia proveyó desde su aprobación en 14 de noviembre de 1917 un recurso de apelación para ante el Tribunal Superior.[5] Dispone que el recurso se formalizará dentro de cinco días, que los autos originales se remitirán al tribunal de apelación, concede cierta preferencia para el señalamiento de "la vista", y establece

---

(5) Las secciones 8 a 11 de la Ley 10 de 1917, relativas a esta apelación, ambas inclusive, no han sufrido cambios sustanciales desde su aprobación original. Las enmiendas principales han consistido en ampliar de dos a cinco días el término para radicar el escrito de apelación, en disponer que dicho término se cuente a partir de la notificación de la sentencia en lugar de la fecha en que se dictó la misma, y determinar que a los fines de la apelación el secretario remita los autos originales del caso y no copia de los mismos. Véase, Ley núm. 40 de 17 de abril de 1935 (Leyes, pág. 239).

que en esta vista "se celebrará el juicio de nuevo" y que la corte de apelación "una vez practicada la prueba" podrá imponer cierta indemnización o castigo si encuentra que el propósito del recurso ha sido demorar la ejecución de la sentencia.

En *Fog* v. *Corte*, 65 D.P.R. 161 (1945), al considerar la forma para computar el término para apelar de cinco días en un caso de reclamación de salarios, se sostuvo que la apelación prevista en el artículo 8 de la Ley núm. 10 de 1917 se regía por las disposiciones de la Ley de 11 de marzo de 1908 (Leyes, pág. 124) que reglamentaba las apelaciones en pleitos civiles ordinarios de los anteriores tribunales municipales a los de distrito. Véanse, además, *Pabón* v. *Corte*, 65 D.P.R. 896 (1946); *Sosa* v. *Tribunal de Distrito*, 70 D.P.R. 62 (1949); *Rodríguez* v. *Fonalledas*, 71 D.P.R. 836 (1950). Cf. *Vando* v. *Corte Municipal*, 65 D.P.R. 6 (1945) (desahucio). Igualmente, en casos de salarios, a los fines de determinar la procedencia de un recurso de apelación para ante el Tribunal Supremo de sentencias dictadas por los anteriores tribunales de distrito en reclamaciones originadas en las cortes municipales, se recurrió al artículo 295 del Código de Enjuiciamiento Civil. *Ayala* v. *Martell*, 65 D.P.R. 114 (1945); *Avellanet* v. *Porto Rican Express Co.*, 63 D.P.R. 633 (1944); *Collazo* v. *Corte*, 61 D.P.R. 291 (1943). Es decir, las omisiones de la ley especial sobre el trámite apelativo se han suplido mediante la aplicación de las leyes generales sobre la materia. *Sierra* v. *Tribunal Superior*, 75 D.P.R. 841, 846 (1954).

Bajo las disposiciones de la Ley de 11 de marzo de 1908 que reglamentaba las apelaciones de los tribunales municipales a los de distrito, una vez dispuesto el pleito para vista en el tribunal de distrito, se tramitaba como juicio *de novo*. La Ley de la Judicatura de 1952(⁶) eliminó este juicio *de*

---

(⁶) La sección 19 de la Ley núm. 11 de 24 de julio de 1952 (Leyes, pág. 31) dispone en la parte pertinente que se establece el derecho a apelar al Tribunal Superior de cualquier sentencia final del Tribunal de Distrito; que el procedimiento de apelación se seguirá de acuerdo con las reglas

*novo* como parte del trámite apelativo, que actualmente se rige por las reglas adoptadas por el Tribunal Supremo en 7 de octubre de 1952 y que comenzaron a regir en 15 de octubre del mismo año. 4 L.P.R.A., Ap. III. Estas reglas proveen un medio para que el tribunal de apelación tenga ante sí las alegaciones y la evidencia presentada ante el Tribunal de Distrito. Mediante la relación del caso o la transcripción de la evidencia, y la grabación mecánica de los procedimientos, se coloca adecuadamente al Tribunal Superior en condiciones de resolver sobre el recurso de apelación.

Es cierto que en la sección 11 de la ley especial para las reclamaciones por servicios prestados se hace referencia a que en la vista de la apelación "se celebrará el juicio de nuevo" y a la "práctica de la prueba", pero no podemos interpretar estas disposiciones aisladamente y desvinculadas de las normas procesales generales que el legislador ha previsto con el propósito de garantizar a los litigantes un juicio rápido y económico. Debemos rechazar la interpretación literal que propone la peticionaria pues sólo conduce a consecuencias irrazonables e indeseables. Cf. *Clínica Juliá* v. *Secretario de Hacienda*, 76 D.P.R. 509, 520 (1954). Uno de los propósitos principales de la ley especial sobre reclamaciones de salarios es proveer a los obreros un procedimiento sencillo, rápido y económico para ventilar sus reclamaciones por servicios prestados. *Jaume* v. *Corte*, 61 D.P.R. 168 (1942). No comprendemos cómo pueda sostenerse que habiéndose suprimido el juicio *de novo* en el trámite apelativo ordinario, aun en los casos criminales, el legislador haya intentado conservarlos en los casos de reclamaciones de salarios, con todos los gastos y toda la dilación que ello implica.

El informe del Comité que redactó el proyecto de la Ley Orgánica de la Judicatura,(⁷) en lenguaje inequívoco, señala

---

promulgadas por el Tribunal Supremo; y que "la apelación se hará por vía de revisión de la sentencia o actuación del tribunal de que se apele; y no mediante juicio de novo".

(⁷) 4 L.P.R.A. sec. 122 nota. Aun cuando no se trata propiamente de un informe legislativo creemos que es procedente considerarlo a los fines

que se "establece una forma nueva y distinta de revisar las sentencias de las cortes inferiores del Estado Libre Asociado". Y añade, en términos claros y precisos que "De ahora en adelante se elimina *la vieja tradición* de un juicio *de novo* ante el extinto Tribunal de Distrito, con una nueva presentación de todos los testigos y un nuevo desfile de evidencia; de suerte que las sentencias serán revisables solamente mediante apelación y *por el récord de lo que ocurrió en la corte inferior*." (Énfasis suplido.) Posteriormente, al referirse a las cortes de distrito como cortes de récord—valiosa contribución a la estructura judicial—se repite que "la revisión es por apelación y no por juicio *de novo*", y se dispone el sistema de grabación de los procedimientos y la relación del caso o transcripción de evidencia.

En *Rivera* v. *Quiñones*, 70 D.P.R. 318 (1949) denegamos una solicitud para la celebración ante este Tribunal de un juicio *de novo* dentro de una apelación de un caso sobre reclamación de salarios bajo el procedimiento especial, a pesar de que la ley dispone que en dicha apelación se seguirá el mismo procedimiento fijado para las apelaciones de las cortes de distrito a los tribunales superiores. Allí se dijo: "El motivo por el cual se conceda el juicio *de novo* en la apelación ante las cortes de distrito es sencillamente porque las cortes municipales no son cortes de récord, y si no se celebrare el juicio *de novo* en la corte de distrito, no habría medios de revisar la sentencia de la corte municipal, a menos que la apelación se circunscribiere a las constancias de las alegaciones". La situación apuntada para justificar la celebración del juicio *de novo* no existe en la actualidad, ya que como hemos expuesto anteriormente las reglas adoptadas por este Tribunal para el trámite apelativo del Tribunal de Dis-

---

de determinar la intención legislativa ya que la Asamblea Legislativa lo tuvo ante sí y adoptó casi totalmente el proyecto preparado por dicha comisión. Cf. *Pueblo* v. *Miranda,* 79 D.P.R. 710 (1956); *Petrovich* v. *Secretario de Hacienda,* 79 D.P.R. 250 (1956); *Pueblo* v. *Figueroa,* 77 D.P.R. 188 (1954); *Downs* v. *Porrata,* 76 D.P.R. 611 (1954); *Pueblo* v. *Tribunal Superior,* 75 D.P.R. 535 (1953).

trito al Tribunal Superior proporcionan un medio adecuado que permite una imparcial consideración de los hechos y las alegaciones que tuvo ante sí el tribunal apelado. (8)

En el delicado proceso de la interpretación de las leyes el poder judicial se ha impuesto ciertas limitaciones que nacen de la doctrina de separación de poderes. Esta actitud ha sido acertadamente considerada como "un postulado del honor judicial". *Clínica Juliá* v. *Secretario de Hacienda,* supra. El profundo respeto que nos merece la intención del legislador nos obliga en determinadas ocasiones a suplir las inadvertencias en que éste pueda haber incurrido. No tenemos la menor duda que en el caso que consideramos el deseo legislativo fue abolir el juicio *de novo en todos los procedimientos,* independientemente del carácter ordinario o especial de los mismos. (9)

No erró, por tanto, el tribunal recurrido al negarse a conceder el juicio *de novo* solicitado.

### III

◼ Los interventores Marín y González desempeñaban los cargos de gerente de ventas y administrador auxiliar de la empresa peticionaria. Sostiene ésta que por tratarse de ejecutivos no tienen derecho a recibir compensación por despido injustificado bajo las disposiciones de la Ley núm. 50 de 20 de abril de 1949 (Leyes, pág. 127, 29 L.P.R.A. sec. 183). No le asiste la razón.

La disposición pertinente concede compensación a "todo empleado de comercio, industria o cualquier otro negocio

---

(8) Es significativo que en el presente caso la peticionaria Hull Dobbs Co. se acogió al procedimiento establecido en dichas reglas, y que a la fecha de perfeccionar su recurso de apelación ante el Tribunal Superior utilizó la relación del caso preparada por el juez de distrito y solicitó y elevó los autos originales. Posteriormente dio también cumplimiento a la regla sobre la presentación de alegato.

(9) Deseamos aclarar que lo expuesto no menoscaba el juicio *de novo* para revisar actuaciones de funcionarios o juntas administrativas, en aquellos casos en que sea procedente. Sec. 14(d) de la Ley núm. 115 de 26 de junio de 1958, pág. 294 (4 L.P.R.A. sec. 37); *Medina* v. *Pons,* 81 D.P.R. 1 (1959).

lucrativo, contratado sin tiempo determinado". Al extender sus beneficios a todo empleado de un negocio lucrativo el legislador no hizo distinción alguna entre las distintas clases de empleados, y por tanto, no se han excluido a los que ocupan cargos ejecutivos. Una alegación similar en cuanto al derecho de los ejecutivos a acogerse a las disposiciones de la Ley núm. 10 de 1917 para tramitar sus reclamaciones fue rechazada en *Doyle* v. *Polypane Packaging Co.*, 80 D.P.R. 224, 228–230 (1958).[10]  A lo allí expuesto nada tenemos que añadir.

*En virtud de las razones expuestas, se anulará el auto expedido.*

El Juez Asociado Sr. Pérez Pimentel no intervino.

---

[10] Cf. *Rodríguez* v. *Corte*, 65 D.P.R. 614 (1946); *Sierra* v. *Long Construction Co.*, 76 D.P.R. 417, 421.