El Juez Presidente Señor Hernández Denton
emitió la opinión del Tribunal.
Los recursos de epígrafe fueron consolidados por pre-sentar cuestiones comunes de hecho y de Derecho. Me-diante éstos, el Procurador General solicita la revocación de dos dictámenes del Tribunal de Apelaciones que sostu-vieron la decisión del Tribunal de Primera Instancia, Sala de Investigaciones de Mayagüez, de requerirle al Ministe-rio Público —en procesos independientes de determinación de causa para el arresto— exponer las razones por las cua-les pretendía someter el caso sin citar previamente a los imputados, Sr. Carlos Rivera Martell y Sr. Jovet Vega Pé-rez, quienes para esa fecha se encontraban confinados en el Centro de Detención del Oeste. A juicio del Procurador General, nuestro ordenamiento no dispone esa exigencia y recae en la absoluta discreción del Ministerio Público citar a los imputados a la vista de determinación de causa para el arresto. Por entender que la decisión, con respecto a si se debe citar al imputado a la determinación de causa para el arresto, le corresponde al magistrado que preside el pro-ceso, confirmamos los dictámenes recurridos.
I
En los procesos judiciales independientes, el Ministerio Público sometió para determinación de causa para el arresto una denuncia contra el señor Rivera Martell y el señor Vega Pérez por violación a la Ley de Sustancias Con-troladas de Puerto Rico. Para ese entonces, ambos imputa-dos se encontraban confinados en el Centro de Detención del Oeste ubicado en Mayagüez. Al proceso seguido contra el señor Rivera Martell compareció el agente investigador y, como denunciantes, ciertos oficiales de custodia de la institución correccional. A su vez, en el proceso seguido contra el señor Vega Pérez también compareció el agente investigador, quien presentó junto con la denuncia las de- *606 claraciones juradas de dos oficiales de custodia de la insti-tución correccional.
En ambos casos, la boleta de autorización para someter los cargos hacía constar que el Fiscal autorizaba al agente a presentarlos en ausencia de los imputados. No obstante, ante la ausencia de una justificación para ello, en el pro-ceso seguido contra el señor Rivera Martell el juzgador ins-truyó al agente a solicitar del Fiscal la razón para la cele-bración de la vista en ausencia. Una vez el agente regresó a Sala, el juez se percató de que, en lugar de proveer la información requerida, el Fiscal citó los casos Pueblo v. North Caribbean, 162 D.RR. 374 (2004), Pueblo v. Irizarry, 160 D.RR. 544 (2003), e In re Santiago Rodríguez, 160 D.P.R. 245 (2003). Por su parte, en el caso del señor Vega Pérez, el Ministerio Público sencillamente se negó a proveer las razones que justificaban la ausencia de citación.
A raíz de ello, en ambos casos el magistrado detuvo el proceso para aclarar que no se estaba negando a atender-los en ausencia, sino que se solicitaba una explicación ra-cional por parte del Ministerio Público por no haber citado tanto al señor Rivera Martell como al señor Vega Pérez. A su vez, señaló que desde que se aprobó la Regla 6 de Pro-cedimiento Criminal, 34 L.P.R.A. Ap. II, el Departamento de Justicia diseñó una boleta para la presentación de car-gos que incluye un espacio para esbozar las razones que tiene el Estado para someter un caso en ausencia. A su entender, ello equivale a una aceptación de la necesidad de justificar este proceder. Señaló, además, que esa necesidad era más patente en casos como éstos, en los cuales los im-putados estaban bajo la custodia y el control del Estado. Por último, enfatizó que la ausencia de justificación podía dar pie a actuaciones arbitrarias y discriminatorias por parte del Estado.
Insatisfecho con el proceder del Magistrado, el Procura-dor General, en representación del Pueblo de Puerto Rico, presentó recursos de certiorari independientes ante el Tri *607 bunal de Apelaciones. En esencia, alegó que recae en la discreción del Ministerio Público citar a los imputados de delito a la vista de determinación de causa para el arresto, ya que no existe ninguna disposición legal que le obligue a hacerlo. Por ende, adujo que el Estado no tiene que presen-tar las razones en las cuales fundamenta su decisión de no citar al imputado y que el tribunal no tiene injerencia al-guna en esa determinación.
Evaluados los planteamientos del Procurador, el Tribunal de Apelaciones confirmó en ambos casos el dictamen del foro de instancia por entender que la discreción que se le reconoce al Ministerio Público para seleccionar la forma en la que se someten los casos no es absoluta. Más bien, concluyó que “la solicitud para celebrar la vista en ausen-cia le corresponde a la Fiscalía pero [que] la decisión al respecto, caso a caso, le corresponde a la Rama Judicial”. (Enfasis en el original.) Apéndice de la Petición de certio-rari, pág. 7. Por lo tanto, determinó que se le debe presen-tar al juez prueba de que el imputado fue notificado de la fecha y lugar en que se someterá la denuncia o de las ra-zones que el Ministerio Público tiene para presentar el caso en su ausencia. En conformidad con ello, devolvió los casos al foro de instancia para que el Estado proveyera las justificaciones requeridas y, de esa forma, el magistrado pudiera pasar juicio sobre la suficiencia de éstas.
Insatisfecho aún, el Procurador General acude ante nos mediante unos recursos independientes que fueron even-tualmente consolidados y básicamente reproduce los mis-mos argumentos que llevó ante la consideración del foro apelativo. Examinadas las peticiones, acordamos expedir. Transcurrido el término correspondiente, la parte recu-rrida no ha presentado su alegato con respecto a los recur-sos presentados. Por lo tanto, procedemos a resolver sin el beneficio de su comparecencia.
*608 II
Resulta ampliamente conocido que toda acción penal en nuestro ordenamiento jurídico comienza con la determinación de causa probable para el arresto. Pueblo v. Irizarry, supra, pág. 555; Pueblo v. Jiménez Cruz, 145 D.RR. 803, 809 (1998). Desde el momento cuando se hace esa determinación, el tribunal adquiere jurisdicción sobre la persona del imputado y se considera que éste queda sujeto a responder por la comisión del delito. Pueblo v. Irizarry, supra, pág. 555.
La determinación de causa probable para el arresto constituye una exigencia de índole constitucional. Así el Art. II, Sec. 10 de la Constitución del Estado Libre Aso-ciado de Puerto Rico, L.P.R.A., Tomo 1, dispone que para expedir una orden de arresto es necesaria una determina-ción de causa probable por parte de un magistrado. La En-mienda IV de la Constitución de Estados Unidos contiene igual exigencia. (1)
Ahora bien, los pormenores del proceso de determinación de causa probable para el arresto se encuentran recogidos en la Regla 6 de Procedimiento Criminal, supra. En lo pertinente, esta regla dispone:
(a) Expedición de la orden. Si de la denuncia jurada o de la declaración o declaraciones juradas sometidas con la denuncia o del examen bajo juramento del denunciante o sus testigos, si algunos, constare que hay causa probable para creer que se ha cometido el delito por la persona o personas contra quienes se imputa, el magistrado expedirá la orden para el arresto de dichas personas, con excepción de lo dispuesto en la Regla 7(a). La determinación de causa probable podrá estar fundada total o parcialmente en una declaración por información o *609 creencia con suficiente garantía circunstancial de confi-abilidad.
En esta determinación de causa probable el imputado ten-drá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba a su favor. 34 L.P.R.A. Ap. II.
Según surge del texto transcrito, la Regla 6 establece ciertos requisitos para la determinación de causa para el arresto, algunos de los cuales son de naturaleza constitucional. Así, por ejemplo, por imperativo constitucional es indispensable que en la determinación de causa para el arresto medie la intervención de un magistrado. Pueblo v. Rivera Rivera, 145 D.RR. 366, 380 (1998). Esto evita que el Estado someta a una persona a un procedimiento criminal arbitrario y lo encause criminalmente sin base para ello. Además de la intervención de la figura neutral del magistrado, constitucionalmente se requiere la existencia de causa probable, que la determinación esté apoyada en juramento o afirmación, y que la orden de arresto sea específica en cuanto a la persona que será objeto de ésta. Pueblo v. North Caribbean, supra; Pueblo v. Irizarry, supra.
Una vez cumplidas estas exigencias, el método que el Ministerio Público seleccione para someter el caso para determinación de causa para el arresto es, a fin de cuentas, algo secundario. Pueblo v. Irizarry, supra, pág. 560. En vista de. ello, el magistrado puede determinar causa para el arresto a base de la denuncia, de las declaraciones juradas que se unen a ella o a base del examen por juramento de un testigo con conocimiento personal de los hechos. Regla 6 de Procedimiento Criminal, supra. La determinación también se puede fundamentar en declaraciones hechas por información o creencia, siempre que tengan suficientes garantías de confiabilidad. Claro está, lo importante es que la información provista sea suficiente para que el magistrado encuentre causa probable para *610 creer que se ha cometido un delito y que el imputado lo cometió. Pueblo v. Jiménez Cruz, supra, pág. 813.
Según lo anterior, estamos contestes con el Procurador General, en cuanto aduce que la validez constitucional de la determinación de causa para el arresto —en ausencia de otras consideraciones de esa naturaleza— depende esen-cialmente de los factores señalados; es decir, de la inter-vención de la figura del magistrado, de que se haya encon-trado causa probable, de que la determinación haya estado fundamentada en juramento o afirmación y de la especifi-cidad de la orden. Por consiguiente, según la Sec. 10, Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, supra, y de la Cuarta Enmienda federal(2) no se re-quiere más que el cumplimiento de esas exigencias míni-mas, sin que sea determinante el método escogido por el Ministerio Público para someter el caso.
Ahora bien, la validez de la determinación de causa para el arresto no depende única y exclusivamente de los requisitos de índole constitucional enumerados en la Regla 6, supra. Como indicamos antes, esta disposición contiene otras exigencias y consagra ciertos derechos a favor de los imputados adicionales a los que concede la Constitución del Estado Libre Asociado y la Enmienda IV de la Constitución federal. Así, por ejemplo, la citada Regla 6 dispone que, en la determinación de causa probable, el imputado tiene el derecho a estar asistido de un abogado, a contrainterrogar a los testigos de cargo y a ofrecer prueba a su favor. Al interpretar esa disposición, hemos aclarado que tales derechos no son absolutos, ya que la vista de determinación de causa para el arresto puede realizarse en ausencia del imputado. Véanse: Pueblo v. North Caribbean, supra, pág. 9; Pueblo v. Irizarry, supra, pág. 560; Pueblo v. Rodríguez López, 155 D.P.R. 894, 904 (2001); Pueblo v. Jiménez Cruz, supra, pág. 812.
*611 En específico, hemos resuelto que los derechos reconocidos en la Regla 6, supra, se activan únicamente si la determinación de causa para el arresto se hace en presencia del imputado. Pueblo v. Rivera Rivera, supra, pág. 375. Incluso, en atención a la naturaleza informal y flexible de la vista de determinación de causa para el arresto, hemos expresado que —aun cuando el imputado esté presente— no tiene un derecho irrestricto a contrainterrogar testigos de cargo. Pueblo v. Irizarry, supra, pág. 564. Más bien, ello depende de que el Fiscal haya sentado a algún testigo para declarar en la vista. Id. Por lo tanto, si el Fiscal presenta el caso a base de la denuncia o de las declaraciones juradas, el imputado no tiene el derecho a exigir que se sienten testigos para ser contrainterrogados y sus derechos se limitarán a estar asistido por un abogado y a presentar prueba a su favor. Id.
No obstante, lo anterior no significa —como sostiene el Procurador General— que hayamos validado de plano y en toda circunstancia la presentación de casos sin citar al im-putado para la vista de determinación de causa para el arresto ni que hayamos afirmado que la decisión recae en la absoluta discreción del Ministerio Público. De hecho, en la jurisprudencia invocada por el Procurador General, en apoyo de sus alegaciones, no se cuestionaba cuándo pro-cede citar al imputado a la vista de determinación de causa para el arresto ni se analizaba sobre quién recae, en última instancia, la decisión al respecto.
Más bien, lo que hemos afirmado sobre la presencia del imputado o la falta de ella en esta etapa, es que los derechos en cuestión se activan sólo cuando éste se encuentra presente en la vista y que, aún así, se ejercitarán de forma limitada. A su vez, hemos expresado que la vista de determinación de causa para el arresto se puede celebrar en ausencia del imputado.(3) Pueblo v. North Caribbean, *612 supra; Pueblo v. Irizarry, supra. Ello, sin embargo, no con-testa la interrogante que presentan estos casos. La contro-versia que esos recursos suscitan —y que, repetimos, no pone en duda la posibilidad de que la vista de determina-ción de causa para el arresto se celebre en ausencia del imputado— incide sobre un aspecto de fondo; a saber, so-bre quién recae en última instancia la decisión con res-pecto a si procede citar al imputado a la vista de determi-nación de causa para el arresto.
Para contestar esa interrogánte, es preciso realizar un análisis integrado, no sólo de la normativa consti-. tucional y estatutaria aplicable, sino de las normas de hermenéutica que deben guiar la discreción judicial al momento de interpretar la ley. En ese ejercicio, sabemos que “[e]l profundo respeto que nos merece la intención del legislador nos obliga en determinadas ocasiones a suplir las inadvertencias en que éste pueda haber incurrido”. Pueblo v. Zayas Rodríguez, 147 D.P.R. 530, 548 (1999). Véase Hull Dobbs Co. v. Tribunal Superior, 82 D.P.R. 77, 84 (1961). A su vez, tenemos en mente la “regla dorada” de hermenéutica judicial, que promulga que las disposiciones de una ley deben ser examinadas e interpretadas de modo que no conduzcan a resultados absurdos, sino a unos resultados armoniosos. Pueblo v. Zayas Rodríguez, supra, pág. 548.
Partiendo de estos principios, al adentrarnos en el estu-dio del primer párrafo de la Regla 6, supra, notamos que su lenguaje parece presumir que el imputado no está presente cuando se hace la determinación de causa probable para el arresto. Ello en vista de que la regla indica que si el ma- *613 gistrado encuentra causa probable expedirá la orden para el arresto de la persona contra quien se imputa la comisión de un delito. Véase Regla 6(a) de Procedimiento Criminal, supra. No obstante, al final de esa misma sección se reco-nocen unos derechos que —evidentemente— no podrían ser ejercitados si el imputado no ha sido citado y, por lo tanto, no se encuentra presente. Nos referimos a las garan-tías mencionadas de asistencia de abogado, derecho a pre-sentar prueba y a contrainterrogar a los testigos de cargo. Esas garantías, si bien podrían ser consideradas vestigios del esquema procesal anterior a la Ley Núm. 26 de 8 de diciembre de 1990 (32 L.P.R.A. Ap. II)(4) no pueden, ser da-das por no puestas. Así lo aclaramos expresamente en Pueblo v. Irizarry, supra, pág. 563, donde nos negamos a eli-minar por la vía judicial los derechos mencionados. Allí indicamos que, en todo caso, lo que procede es interpretar-los de forma tal que armonice con el resto del ordena-miento.
Precisamente, armonizar esa disposición con el resto del ordenamiento y dotarla de efectividád conlleva a reconocer que los derechos allí conferidós —aunque limitados— no pueden quedar a merced de la parte sobre la cual recae la labor de encausar. Dado que no existen pautas específicas que guíen la discreción del Ministerio Público al momento de decidir si cita o no a un imputado a dicho proceso, el riesgo de actos arbitrarios y discriminatorios sería suma-mente amplio aim cuando nuestro sistema se erige sobre las normas del debido proceso e igualdad ante la ley. *614 Véanse: Art. II, Sec. 7, Const. E.L.A., supra; Hernández v. Secretario, 164 D.P.R. 390 (2005); Berberena v. Echegoyen, 128 D.P.R. 864, 878 (1991). Nótese que, a base de la norma propuesta, el Ministerio Público podría citar a ciertos im-putados a la vista correspondiente, mientras que podría no citar a otros imputados sin justificación que sustente la distinción.(5) Incluso, en la medida de que no tendría que presentar las razones que justifican su curso de acción, no habría forma de evitar que las motivaciones sean ilegales o discriminatorias.
Por otro lado, para percatarnos de los inconvenientes que podría acarrear la norma propuesta por el Estado, basta con pensar en el supuesto de un imputado de delito que, no sólo esté accesible y disponible para tomar parte en la vista de determinación de causa para el arresto, sino que está allí en el tribunal en espera de ésta, porque de alguna manera supo de ello.(6) Según la norma propuesta, el fiscal podría someter el caso en su ausencia sin presentar justi-ficación alguna. A su vez, el magistrado —de encontrar causa probable— ordenaría su arresto inmediato, el cual podría efectuarse en su lugar de trabajo o en presencia de sus familiares. Todo ello, aun cuando estuvo presente en el tribunal y con su participación en el proceso pudo haberse evitado el innegable malestar que acarrea un arresto en las circunstancias descritas. Sin embargo, de haber estado presente en la vista de determinación de causa para el arresto, no sólo hubiera tenido el beneficio de la represen-tación legal y de presentar prueba a su favor, sino que —en caso de que se determinara causa— se hubiera evitado el inconveniente de un arresto posiblemente público y notorio.
*615 Claramente, este Tribunal no puede avalar interpretaciones que atenten contra el principio básico de la equidad e igualdad ante la ley o que puedan poner en riesgo —injustificadamente— las protecciones que mediante la ley se nos han concedido. Tanto la dignidad humana como la igualdad jurídica son principios axiológicos indiscutibles que pertenecen a la categoría de los derechos fundamentales —De Paz Lisk v. Aponte Roque, 124 D.P.R. 472, 484 (1989)— que operan por sí solos para asegurar la convivencia democrática.
Conforme a lo anterior, aunque coincidimos con la pos-tura del Procurador General a los efectos de que general-mente no se debe recurrir a una disposición constitucional alterna cuando existe en esa ley una fuente específica que regula el asunto, Albright v. Oliver, 510 U.S. 266 (1994), lo cierto es que no podemos pasar por alto consideraciones tan básicas como la igualdad y el trato justo. Esto último se impone más aún si tomamos en cuenta que, una vez el legislador incorpora ciertos derechos por vía estatutaria, éstos pasan a formar parte integral del debido proceso de ley. Pueblo v. Prieto Maysonet, 103 D.P.R. 102, 106 (1974).
En el contexto de la Regla 6, supra, precisamente, el legislador incorporó unas garantías a favor de los imputados de delito en la etapa de determinación de causa probable para el arresto. Evidentemente, para poder ejercer estas garantías estatutarias los imputados, de ordinario, deben estar presentes. Para esto se requiere, sin duda, que se les cite a la vista de determinación de causa probable para el arresto.(7) Tal requisito es el mecanismo para darle vigencia a los derechos conferidos en el tercer párrafo de la Regla 6(a), supra, y constituye una consecuencia ra- *616 zonable de la norma que nos requiere suplir las lagunas que surgen de la ley e interpretarla de forma tal que guarde armonía y lógica interna.
Ahora bien, conocemos que pueden haber circunstancias que justifiquen, por vía de excepción, no citar al imputado a la vista de determinación de causa para el arresto. Así, por ejemplo, se puede justificar la celebración de la vista de causa para el arresto en ausencia del imputado cuando —a pesar del esfuerzo realizado— la persona no pudo ser localizada. De la misma forma, esta medida se podría sos-tener cuando se pretenden realizar arrestos en serie o cuando un operativo haya dado lugar a. denuncias múlti-ples que hagan muy oneroso para el Estado citar previa-mente a todos los imputados. Igualmente, puede haber ocasiones en las que la seguridad de las víctimas o los tes-tigos aconsejan que se celebre el proceso en ausencia del imputado o en que este proceder sea necesario para evitar que se malogre una investigación en curso. Véase, a esos efectos, J.M. Canals Torres, Procedimiento Criminal, 74 Rev. Jur. U.RR. 839, 848 (2005).
En todas esas circunstancias — que no constituyen un listado taxativo de excepciones a la norma general— se justificaría no citar al imputado y celebrar en ausencia la vista de determinación de causa para el arresto. Sin embargo, dado que la determinación de causa probable la hace el magistrado, y ya que éste tiene la obligación de velar por que no se menoscaben los derechos del imputado, es él quien debe decidir caso a caso sobre la necesidad de que la vista se celebre en ausencia del imputado. Es decir, es el magistrado quien debe pasar juicio y determinar con finalidad la suficiencia de las justificaciones ofrecidas por el Ministerio Público para no haber citado al imputado a la vista correspondiente. Y es que no podía ser de otra forma, ya que para garantizar la aplicación de los principios fundamentales en los que descansa nuestro ordenamiento, *617 tanto el derecho constitucional como el estatutario requie-ren la intervención de la figura neutral del magistrado. Véanse: Art. II, Sec. 10, Const. E.L.A., supra; Enm. IV, Const. E.U., U.S.C.A. Const.; Regia 6 de Procedimiento Criminal, supra.
Si bien la función primordial del magistrado en estos procesos es determinar si existe una causa probable para creer que se ha cometido un delito y que la persona impu-tada lo cometió, lo cierto es que este funcionario tiene la facultad y el deber de dirigir el proceso. Eso incluye, claro está, lo correspondiente a la citación del imputado y la po-testad de emplear las medidas necesarias para asegurarle el goce cabal de los derechos que le cobijan en esa etapa procesal. Por lo tanto, como ente neutral que conduce el proceso, recae en su discrecin determinar si procede citar al imputado a la vista antes de entrar a considerar si hay causa probable para su arresto.
No obstante, debe quedar claro que no ponemos en tela de juicio la facultad del Ministerio Público de decidir me-diante cuáles de los mecanismos aceptados someterá el caso para la determinación de causa probable para el arresto, independientemente de si el imputado se encuen-tra o no presente. Es decir, tal como afirmamos en Pueblo v. Irizarry, supra, pág. 565, “en esa etapa del procedimiento criminal, el Estado debe tener la libertad de esco-ger la manera en que va a someter su caso”.(8)
Igualmente, aunque el magistrado es quien toma la decisión finaE con respecto a la suficiencia de las justificaciones provistas por el fiscal para someter el caso *618 en ausencia del imputado, nos parece innegable que este funcionario tiene a su haber las herramientas necesarias para tomar decisiones acertadas con respecto a ello. Los miembros del Ministerio Público, por su experiencia con el día a día en la persecución del crimen y por su contacto directo con los agentes del orden público, suelen tener un conocimiento abarcador sobre la conveniencia y necesidad de citar o no a un imputado de delito a la determinación de causa para el arresto. Es por ello que, aunque la decisión final recae en el magistrado, la justificación que ofrezca el Fiscal al respecto debe ser merecedora de amplia deferencia.
Claro está, ni el conocimiento más abundante ni la ex-periencia más profusa pueden impedir que el magistrado base la decisión final en su propio juicio a la luz de la totalidad de las circunstancias. Aceptar otra cosa constitui-ría un endoso a la práctica de despojar al magistrado de una facultad inherente a su cargo como encargado de diri-gir el proceso de determinación de causa para el arresto. A su vez, este resultado le restaría herramientas a los tribu-nales —principales guardianes de las garantías estatuta-rias y constitucionales— para velar que los ciudadanos no sean procesados de forma dispar por causas contrarias a la ley.
Debemos tener presente que justificar ante el magistrado la decisión de someter un caso en ausencia y reconocer que es éste quien debe tomar la decisión final al respecto, constituye un requisito de cumplimiento sencillo que no le impone una carga excesiva al Estado. Ese requisito de fácil cumplimiento puede redundar en marcados beneficios; a saber, propiciar la economía de energía policial y judicial, en cuanto permitiría que el magistrado adquiera jurisdicción sobre la persona tan pronto haga la determinación afirmativa de causa probable;(9) evitar que los *619 ciudadanos que opten por acudir a la vista de determina-ción de causa para el arresto sean puestos bajo arresto en lugares o circunstancias penosas, y, en algunas ocasiones, reducir el riesgo de una determinación errónea que pueda culminar en una privación de libertad innecesaria.
Por otro lado, creemos que la norma establecida res-ponde a lo que ha sido la práctica generalizada en los tribunales del país. Sabemos que, hasta tan reciente como el 2005, la práctica había sido citar a los imputados de un delito a la vista de determinación de causa para el arresto y prescindir de la citación sólo en circunstancias excepcionales. El cambio en el proceder de los miembros del Ministerio Público responde más bien a una política administrativa muy reciente de esta entidad fundamen-tada en evitar la citación de los imputados sin proveer las justificaciones correspondientes. Sin embargo, habiendo sido la práctica hasta una fecha reciente citar a los impu-tados de delito a la vista de determinación de causa para el arresto, y considerando los marcados beneficios que ello puede generar, no vemos razones de peso que inclinen la balanza en favor de la norma propuesta por el Procurador General.
Finalmente, estamos convencidos de que este resultado es compatible con la naturaleza informal y generalmente no adversativa de la determinación de causa probable para el arresto. De hecho, hemos sido claros al reconocer el carácter básico y fundamental de lo dispuesto en Pueblo v. Irizarry, supra, a los efectos de que el derecho del imputado a una participación activa en el proceso puede depender de los métodos seleccionados por el Fiscal para someter el caso y, sobre todo, de la sana discreción del juzgador. Por lo tanto, el resultado alcanzado no altera la norma de que los derechos del imputado en esta etapa procesal no son absolutos aun cuando esté presente. Ello, claro está, tampoco representa un impedimento para que se celebre la vista de determinación de causa para el *620 arresto en ausencia del imputado cuando éste, habiendo sido citado, no ha comparecido a la audiencia correspon-diente o cuando —a juicio del magistrado— se configura una situación excepcional que justifica dicho proceder.
Aclarado lo anterior, pasamos a disponer concretamente de los casos ante nuestra consideración.
III
En estos casos, el Estado sometió para la determinación de causa para el arresto una denuncia contra los recurri-dos sin ofrecer fundamento alguno para eso. A pesar de que el magistrado solicitó expresamente que el Ministerio Pú-blico expusiera sus razones para someter los casos sin citar a los señores Rivera Martell y Vega Pérez, el fiscal se negó a hacerlo y, en su lugar, recurrió al Tribunal de Apelaciones.
Este proceder, sin duda, es contrario al Derecho, ya que recae en la discreción del magistrado permitir que la vista se celebre en ausencia del imputado. Para ello, el magis-trado debe pasar juicio sobre la suficiencia de las justifica-ciones provistas por el Ministerio Público para no haber citado a los imputados a la determinación de causa para el arresto. Dado que, en estos casos, el Estado se negó a pro-veer las razones que justificaban esa medida, el magis-trado no estaba en posición de determinar la validez o su-ficiencia de éstas.
Por lo tanto, actuó correctamente el foro de instancia al detener los procesos hasta tanto se le presentaran las ra-zones que ameritaban someter los casos para determina-ción de causa para arresto sin citar previamente a los se-ñores Rivera Martell y Vega Pérez. En consecuencia, no erró el Tribunal de Apelaciones al sostener su validez.
IV
Por los fundamentos que anteceden, se confirman los *621 dictámenes emitidos por el Tribunal de Apelaciones en los casos Pueblo v. Carlos Rivera Martell, KLCE-2006-1702, y Pueblo v. Jovet Vega Pérez, KLCE-2006-1769, y en consecuencia, los del Tribunal de Primera Instancia, Sala de In-vestigaciones de Mayagüez, referentes a dichos procesos. Se devuelven los casos al foro de instancia para procedi-mientos ulteriores de conformidad con lo aquí resuelto.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez disintió con una opinión escrita.

 "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” Const. E.U., Enm. IV., U.S.C.A. Const.

 Véase, a modo ilustrativo, Gerstein v. Pugh, 420 U.S. 103 (1975).

 Si bien en Pueblo v. North Caribbean, 162 D.P.R. 374, 383 (2004), expresamos que ni en la vista de causa probable para el arresto ni en la vista de causa *612 probable en alzada se requiere citar al imputado, lo cierto es que en ningún momento afirmamos que la facultad de decidir cuándo se hace y cuándo no recae en la discre-ción absoluta del Ministerio Público. Además, las expresiones se hicieron en un con-texto muy ajeno al que da lugar a la controversia de los casos de autos (la validez de una citación hecha por el Fiscal a la vista de causa para arresto en alzada). Id., pág. 384.

 Ello en vista de que la Ley Núm. 29 de 19 de junio de 1987 (32 L.P.R.A. Ap. II) había alterado el proceso de determinación de causa para el arresto con el fin de que adquiriera carácter más adversativo y poder prescindir en ocasiones de la vista preliminar. Con ese cambio, también se incorporó el tercer párrafo del acápite (a), que es el que confiere el derecho a la asistencia de abogado, a contrainterrogar y a presentar la prueba de defensa. Sin embargo, cuando la Asamblea Legislativa en-mendó nuevamente el proceso para revertirlo a su estado anterior, no eliminó el párrafo mencionado. Véase la Ley Núm. 26 de 8 de diciembre de 1990 (34 L.P.R.A. Ap. II).

 Esto a pesar de que la regla no hace distinción alguna cuando reconoce los limitados derechos que asisten a los imputados en esta etapa procesal (“[e]n esta determinación de causa probable el imputado tendrá derecho a estar asistido de abogado, a contrainterrogar a los testigos en su contra y a ofrecer prueba a su favor” (énfasis suplido) Regla 6(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II).

 Tomamos conocimiento judicial de que el Tribunal de Apelaciones, Circuito Regional VII, se enfrentó a una situación similar en el caso Pueblo v. Julio de Jesús Matos, KLCE000761.

 Claro está, si a pesar de haber sido citado el imputado no comparece a la vista de determinación de causa para el arresto, su ausencia se consideraría una renuncia a su derecho a estar presente y a las demás garantías que le cobijan en esa etapa procesal.

 Nos referimos a la potestad de elegir entre los distintos métodos dispuestos en la Regla 6 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, o una combinación de ellos, a saber: (1) la denuncia jurada, (2) la denuncia y las declaraciones juradas que se incluyan en la denuncia, (3) la denuncia y el examen del testimonio del denun-ciante o sus testigos, (4) las declaraciones juradas que se incluyan con la denuncia, (5) las declaraciones juradas que se incluyan con la denuncia y el examen del testi-monio del denunciante o sus testigos, (6) el testimonio del denunciante o algún tes-tigo con el conocimiento personal del hecho delictivo y (7) la denuncia, las declara-ciones juradas que se incluyan con la denuncia y el examen del testimonio del denunciante o sus testigos. Pueblo v. Irizarry, 160 D.P.R. 544, 562 (2003),

 Véase, a esos fines, J.M. Canals Torres, Procedimiento Criminal, 74 Rev. Jur. U.P.R. 839 (2005).